**CITY OF RIVERSIDE, Missouri, Appellant,**

v.

**David F. WEDDLE, Respondent.**

**No. KCD 28467.**

Missouri Court of Appeals, Kansas City District.

Nov. 29, 1976.

James D. Boggs, Witt & Shafer, Platte City, for appellant.

Roy W. Brown, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The defendant Weddle was charged by Missouri Uniform Traffic Ticket with operation of a motor vehicle while intoxicated, in violation of ordinance. He was convicted in the municipal court.

On the trial de novo in the circuit court, the municipality commenced the prosecution by an offer in evidence of the Code of General Ordinances of the City of Riverside, with specific reference to § 9.17 [which prohibits operation of a motor vehicle by an intoxicated person] and § 17.01 [which defines the penalty for such an infraction]. The defendant objected that the ordinances had not been properly qualified by the city clerk, and moved dismissal of the action. The defendant moved for dismissal on the additional ground that the information failed to describe sufficiently the particular charge against him. The court sustained these contentions and dismissed the prosecution.

On this appeal the municipality attempts to reverse the dismissal of the action on the contention that the Uniform Traffic Ticket was sufficient to inform the defendant that he was charged with the operation of a motor vehicle while in an intoxicated condition in violation of ordinance § 9.17. The antecedent question which occurs, however, is whether the judgment of dismissal was an adjudication on the merits favorable to the defendant, and so an acquittal which precludes further prosecution for the same conduct on principles of double jeopardy.

**330**

There can be no question that the double jeopardy clause of the Fifth Amendment applies to petty offenses. This protection of the constitution makes no distinction between offenses or court systems. *Kansas City v. Bott*, 509 S.W.2d 42, 46[4] (Mo.banc 1974). A proceeding to punish for the violation of a city ordinance by fine or imprisonment[1] bears the character of a criminal action. *Stevens v. City of Kansas City*, 146 Mo. 460, 48 S.W. 658, 659 (1898). A verdict of acquittal is final and ends the jeopardy of further prosecution for the same offense. *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

A valid municipal prosecution requires, as a minimum, proof of the ordinance upon which the conviction rests. *City of Kansas City v. Scanland*, 506 S.W.2d 18, 21[8] (Mo.App.1974); *City of St. Joseph v. Roller*, 363 S.W.2d 609, 611[3–5] (Mo. 1963). In the absence of such proof or stipulation, the ordinance is not in evidence, [for neither a trial nor appellate court may judicially notice municipal enactments. *City of Rolla v. Riden*, 349 S.W.2d 255, 258[5, 6] (Mo.App.1961)] and the prosecution fails. The dismissal by the circuit court after the neglect of that proof was an adjudication that the requirements for conviction could not be met and, in effect, a judgment of acquittal on the merits. A new trial is not open to the municipality by means of an appeal even though the acquittal may appear to be erroneous. *Kansas City v. Bott, supra*, l. c. 46.

The judgment is affirmed.

All concur.

---

1. The circuit court determined that the ordinances of the City of Riverside were not properly proved and excluded them from evidence. *The* provisions of §§ 9.17 and 17.01 are not part of the record on appeal and we may not take judicial notice of them. *Schmitt v. City of Hazelwood*, 487 S.W.2d 882, 886[9] (Mo.App.

1972). The implicit accession of the parties leaves no doubt that ordinance § 17.01 defines the punishment for infraction of § 9.17, thus this proceeding comes within *Bott v. Kansas City, supra*, which applies the double jeopardy principle to municipal prosecutions.