CITY OF LEE'S SUMMIT, Respondent,

v.

David L. LAWSON, Appellant.

No. WD 31678.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

L. R. Magee, Hines & Magee, Kansas City, for appellant.

A. Howard Chamberlin, Rea, Chamberlin and Russell, Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

David Lawson was convicted after a trial de novo by the court of violating the ordinances of the City of Lee's Summit by driving under the influence of alcohol. On this appeal Lawson challenges the sufficiency of the evidence to sustain the conviction and claims that the City failed to properly prove certain ordinances before they were introduced in evidence. Reversed and remanded.

An off duty Lee's Summit police officer testified that in December, 1979, he observed a car traveling at a high rate of speed at the intersection of two streets where the officer's home is located. The officer was looking out his front door and saw the car. After he first observed the car he saw it go off the roadway, strike a tree and overturn about 100 feet from the officer's house. The officer immediately ran toward the car and observed another man running toward the car at the same time. When the officer arrived Lawson was crawling out of the overturned car. The officer did not observe anyone else in the car and the only other person present was the other man who was also running toward the car. The officer described Lawson's appearance when he emerged from the vehicle as being unsteady with a smell of intoxicants on his breath and his eyes were bloodshot. The officer gave as his

opinion, based on six years experience of working traffic as a police officer, that Lawson was intoxicated. The parties later stipulated that Lawson took a breathalyzer test with a result of .19.

■ It is beyond question that the evidence is to be viewed from the standpoint most favorable to the City and all favorable inferences therefrom are to be drawn in favor of the City. *State v. Harris*, 485 S.W.2d 612, 613[2, 3] (Mo.1972). Viewed in this perspective the evidence was sufficient to support a finding that Lawson was driving a vehicle while under the influence of alcohol.

At the commencement of the trial de novo the following occurred with reference to the introduction in evidence of the city ordinances:

MR. CHAMBERLIN: First the City would like to offer all of the ordinances of the City of Lee's Summit and specifically Sections 300.705 and 300.715 of the Traffic Code of the City of Lee's Summit, Ordinance No. 1049.

THE COURT: 300.705?

MR. CHAMBERLIN: Yes, sir.

THE COURT: And .715. I have already read those.

Lawson's attorney objected to the offer of the ordinances and the court overruled the objection. Whatever the City offered was not marked as an exhibit nor has it been filed with this court.

■ Lawson contends the City failed to properly introduce into evidence the ordinances which he was charged with having violated. Section 490.240, RSMo 1978, provides that printed copies of ordinances of any city of this state purporting to be published by authority of the city and certified under the hand of the officer having lawful custody thereof, with the seal of the city annexed, shall be received as evidence in all courts without further proof. When the City's attorney offered the ordinances in evidence, he made no statement concerning the form of the ordinances, that is, whether they were in a book published by the City or whether they were under the hand and

seal of the City officer having custody of the ordinances. In short, no attempt was made to show that the ordinances were being introduced under the provisions of Section 490.240.

In *Sorrell v. Hudson*, 335 S.W.2d 1, 5[7] (Mo.1960) the court held it was not error to refuse to admit ordinances in evidence when no effort was made to prove them by any of the methods authorized by § 490.240.

The City attempts to justify the admission of the ordinances under § 479.250, RSMo 1978, which provides that in the trial of municipal ordinance violation cases, a copy of the municipal ordinance which is certified by the clerk of the municipality shall constitute prima facie evidence of such ordinance. That section further provides that if such certified copy is on file with the clerk serving the judge hearing the case and readily available for inspection by the parties, the judge may take judicial notice of such ordinance. The question of whether or not § 479.250 would apply in a trial de novo is not reached because even if such section would apply there was no effort made to identify the ordinance pursuant to that section.

In *City of Riverside v. Weddle*, 544 S.W.2d 328, 330[4, 5] (Mo.App.1976) this court held that: "A valid municipal prosecution requires, as a minimum, proof of the ordinance upon which the conviction rests." This court further held that in the absence of proof or stipulation of the ordinance, the ordinance is not in evidence and the prosecution fails. The reason given for this result is the well known rule that a court may not take judicial notice of municipal ordinances.

Since the City did not attempt to introduce the ordinances under § 490.240, nor under § 479.250, even if applicable, the ordinances were not in evidence and the prosecution fails.

The judgment is reversed and the cause is remanded for a new trial. Remand for a new trial is appropriate because reversal rests on the incorrect ruling of the trial court in receiving the ordinances in evidence and not solely upon the ground of insufficiency of evidence. In *State v. Wood*, 596 S.W.2d 394, 399[3] (Mo. banc 1980) the court held that retrial following a reversal based upon an incorrect ruling as to the admission of evidence is appropriate "even where the discounting of the improperly received evidence resulted in evidentiary insufficiency."

All concur.