**CITY OF LEE'S SUMMIT, Respondent,**

v.

**Dwayne G. COLLINS, Appellant.**

**CITY OF LEE'S SUMMIT, Respondent,**

v.

**Terry MOUNTAIN, Appellant.**

**No. WD 31672–31679.**

Missouri Court of Appeals,
Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 1981.

Application to Transfer Denied
June 8, 1981.

L. R. Magee, Kansas City, for appellants.

A. Howard Chamberlin, Kansas City, for respondent.

Before KENNEDY, P. J., and SHAN-GLER and SOMERVILLE, JJ.

KENNEDY, Presiding Judge.

Appellants in these consolidated appeals were convicted upon a jury-waived trial *de novo* in the circuit court, of assault in violation of an ordinance of the City of Lee's Summit. Defendant Collins was fined $75,

and defendant Mountain was fined $250. We affirm the judgment of the trial court.

Appellants' first point upon the appeal is that the evidence was insufficient for the conviction of appellants, first, because the ordinance was not proved.

 Appellant is correct in saying that the City must prove its ordinance as a part of its case against a defendant charged with violation of the ordinance. *City of Riverside v. Weddle*, 544 S.W.2d 328, 330 (Mo.App.1976). An ordinance may be proved by the method prescribed in § 490.-240 or § 479.250, RSMo 1978. The former statute says that "printed copies of the ordinances . . . of any city . . . in this state, purporting to be published by authority of such city . . . and manuscript or printed copies of such ordinances . . . certified under the hand of the officer having the same in lawful custody, with the seal of such city or town annexed, shall be received as evidence in all courts and places in this state, without further proof . . ."

 We here set out what the City claims was sufficient proof of the ordinance:

MR. CHAMBERLIN [counsel for City]: First, the City would offer Section 24–2 of the Code of Ordinances of the City of Lee's Summit, Missouri, which also makes reference to 1–8, which is the penalty section, into evidence at this time. This is a total book but I am pointing out the two sections.

THE COURT: You are offering the total book and you want me to only read two sections?

MR. CHAMBERLIN: Yes, Your Honor, rather than pulling them out of this book, if you would, please, we are offering the section under which Mr. Mountain has been charged, Section 24–2, entitled Assault.

THE COURT: 24–2? All right, what else?

MR. CHAMBERLIN: And also it makes reference to Section 1–8, entitled General Penalty.

THE COURT: All right.

MR. CHAMBERLIN: Note that these are certified by the clerk, Mitzi Shafer, of the City of Lee's Summit.

THE COURT: All right. . . .

MR. MAGEE [for the defendant]: We object to the offer, Your Honor, on the grounds that—in the form in which the exhibit is offered, we object to it, the offer per se, the form in which it is offered, and its certification.

THE COURT: The ordinances of Lee's Summit and specifically Section 24–2, Assault, and 1–8, General Penalty, I receive in evidence.

It is plain that the trial court had before him an ordinance on the subject of assault, and a section relating to the penalty.[1] We cannot tell if it was a printed copy "purporting to be published by authority of such city"—or whether it was a "manuscript or printed copy of such ordinance . . . certified under the hand of the officer having the same in lawful custody, with the seal of such city annexed . . .", but there is enough information in the record to show that the court had before him the ordinances referred to, and that they were formally ordered admitted into evidence. *Cf. State v. Kennedy*, 530 S.W.2d 479, 482 (Mo.App. 1975). The ordinances were *in evidence*. *City of Kansas City v. Scanland*, 506 S.W.2d 18 (Mo.App.1974); *City of Kansas City v. Narron*, 493 S.W.2d 394 (Mo.App.1973). They were before the court, the trier of fact. We may assume that either party could make use of the ordinances as they saw fit for the purposes of the trial. It is not essential that they be identified and marked as exhibits in order to be admitted into evidence. *State v. Sanders*, 608 S.W.2d 507, 509 (Mo.App.1980), and cases cited therein. In fact, defendants' objection to their admission was not on the ground that they had not been marked. On this appeal, all the grounds stated in his trial objection have been abandoned, and his only position here is that they were never in evidence because not marked as exhibits.

1. Contrast our recent case of *City of Lee's Summit v. Lawson*, 612 S.W.2d 65 (Mo.App. 1981), where it is not shown whether or not there was any writing before the judge.

■ But the appellants point out, secondly, the ordinances are not in the transcript. We do not have them before us, as did the trial judge. We cannot take judicial notice of the ordinance. *City of St. Louis v. Fernbacher*, 449 S.W.2d 672 (Mo.App.1970).

■ The City undertook to print the ordinances in question in its statement of facts in its original brief filed in this court. The defendants moved to strike this portion of the City's brief because outside the record, and that motion is now sustained. *City of Joplin v. Village of Shoal Creek Drive*, 434 S.W.2d 25 (Mo.App.1968); *City of Rolla v. Riden*, 349 S.W.2d 255, 257 (Mo.App.1961); *Hartford Fire Ins. Co. v. Bleedorn*, 235 Mo. App. 286, 132 S.W.2d 1066 (1939).

■ After the case was submitted, we *sua sponte* made an order that a supplemental transcript be filed by the respondent City including the ordinance. Rule 81.12(e). The City filed a book of ordinances, but without any certification as required by Rule 81.14(e). The defendants have filed motions to strike the order for a supplemental transcript, and to strike the book of ordinances filed by the City in pursuance thereof. We now sustain both those motions.

Defendants say that since we do not have the ordinances before us, and since proof of the ordinances is an essential part of the City's case, we can only reverse the conviction.

■ Defendants' argument overlooks the unquestioned duty of the appellant to furnish a transcript demonstrating the trial court's error. *Jackson v. State*, 514 S.W.2d 532, 533–4 (Mo.1974). Rule 81.12(c). This the appellants have failed to do.

■ Appellants have not shown us that they have attempted to and were unable to furnish the exhibit in question. There is no hint that the ordinance exhibit could not be identified for inclusion in the transcript, or that there is any dispute about the identification of the exhibit. An omitted exhibit may be treated by the court as "immaterial to the issues on appeal", Rule 81.15, or it may be taken as supporting the judgment of the trial court. *Ryan v. Equitable Life Assurance Society of the U.S.*, 560 S.W.2d

884 (Mo.App.1977) and cases cited therein; *Herrman Lumber Co. v. Cox*, 521 S.W.2d 4 (Mo.App.1975); *Bryan v. Bryan*, 452 S.W.2d 293, 295 (Mo.App.1970); *Lange v. Baker*, 377 S.W.2d 5, 7 (Mo.App.1964).

The defendants in the court below could have requested that the exhibit be marked for identification. They did not do so. They cannot now use that omission to show the trial court's error.

Appellants then claim that the evidence was insufficient to sustain the conviction, and they proceed to analyze the evidence under the classic definition of assault, quoting the following two passages:

"By common definition, to constitute an assault there must be an 'unlawful force', an intentional unlawful offer of bodily injury to another under such circumstances as to create a well founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented. 6 C.J.S. Assault & Battery, Sec. 57, p. 913, etc." *State v. Parker*, Mo.App.1964, 378 S.W.2d 274, 282.

"'The defendant concedes that an assault contemplates some intentional offer of bodily injury to another under such circumstances as to create a well founded fear of imminent peril, coupled with the apparent present ability to carry out the attempt, if not prevented. *State v. Parker*, 378 S.W.2d 274, 282 (Mo.App.1964)." *State v. Boyd*, Mo.App.1977, 559 S.W.2d 59, 60.

■ The evidence was entirely sufficient to support the trial court's finding of the guilt of both men. *City of Kansas City v. Reagan*, 553 S.W.2d 552 (Mo.App.1977). There was evidence from which the court could believe that the four Asher brothers had stopped at a 7–Eleven store to put gasoline in their car. Without any provocation defendant Mountain and a man named Baker attacked two of the Asher brothers. Defendant Collins then joined the affray to assist Mountain against one of the Asher brothers. The defendants argue that it was an affray in which all the parties voluntarily and equally engaged, but there was evidence, as noted, from which the court could

find that the defendants were the aggressors and that their attacks upon the Asher brothers were unprovoked and uninvited.

Appellants then complain that the court permitted the City's witnesses to remain in the courtroom after they had completed their testimony. The court had excused all witnesses from the courtroom, but as the Asher brothers respectively completed their testimony—they were the only witnesses for the City—the court allowed them to remain in the courtroom. The defendant objected and was overruled. They have not shown in this case where any prejudice resulted from the court's ruling allowing them to remain in the courtroom. None of them heard any testimony before he testified. None of them was recalled to the stand for further testimony. The matter of their remaining in the courtroom was within the trial court's discretion and we find no abuse of discretion here. *Brown v. State*, 485 S.W.2d 424, 431 (Mo.1972).

The judgment is affirmed.

All concur.