**CITY OF GLADSTONE, Missouri, Respondent,**

v.

**John A. STANLEY, Appellant.**

**No. WD 32323.**

Missouri Court of Appeals, Western District.

Sept. 15, 1981.

Thomas E. Thompson of Stoup & Bohm, Kansas City, for appellant.

David M. Swiss, Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

Appellant was charged with and found guilty of violating § 300.326 of the Ordinances of the City of Gladstone, Missouri. The judgment is reversed.

Three points of alleged error are presented, which in summary charge the trial court erred in (a) refusing to grant appellant's motion to acquit because the evidence was insufficient to prove a violation of the ordinance; (b) not declaring the ordinance unconstitutional because of uncertainty, indefiniteness, and vagueness; and (c) not dismissing said cause because the ordinance failed to conform to state law.

Due to the disposition of this case, it is unnecessary to recite the facts surrounding the formulation of the charges brought against appellant and, because of the disposition, the points presented by appellant are not reached or ruled upon.

The instant record is devoid of (1) the introduction of the ordinance; (2) any evidence in the proof thereof; and (3) any stipulation relative to the proof thereof as between the parties. Simply stated, the ordinance was never in evidence.

This precise question has been ruled on by our courts and controls the instant case. Thus, in *City of Riverside v. Weddle*, 544 S.W.2d 328, 330 (Mo.App. 1976), the court declared:

"A valid municipal prosecution requires, as a minimum, proof of the ordinance upon which the conviction rests... In the absence of such proof or stipulation, the ordinance is not in evidence... and the prosecution fails."

The judgment is reversed.