**CITY OF KANSAS CITY, Missouri,
Plaintiff-Respondent,**

v.

**Carl RULE, Defendant-Appellant.**

**No. WD33808.**

Missouri Court of Appeals,
Western District.

Sept. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Jeffrey P. Hiles, Legal Aid of Western
Missouri, Kansas City, for defendant-appellant.

Edward B. Rucker, Asst. City Prosecutor, Kansas City, for plaintiff-respondent.

Jacqueline L. Morgan, Legal Counsel,
Kansas City, for amicus curiae.

Before CLARK, P.J., and DIXON and
NUGENT, JJ.

CLARK, Presiding Judge.

Carl Rule was tried before the Kansas
City Municipal division of the Jackson
County Circuit Court and was convicted of
an offense against the ordinances of the
city. In accordance with the provisions of
§ 479.200, RSMo 1978, Rule prosecuted an
appeal in the nature of a trial de novo and
requested a jury. The cause was assigned
to an associate circuit court division where
trial resulted in conviction and a sentence
of six months confinement and a fine of
$500.00. Rule appeals asserting various
errors.

An opinion was originally rendered in
this case on November 8, 1983, but on vote
of the majority of the judges of this court,
the case was transferred to the Missouri
Supreme Court for examination of the
question of jurisdiction in the associate circuit court to hear direct appeals of cases
from municipal court divisions. In its opinion in *City of Kansas City, Missouri v.*

*Carl Rule,* Mo., 673 S.W.2d 21, decided July 17, 1984, the Supreme Court held that presiding judges of the circuits may generally enlarge the jurisdiction of associate judges in the circuit by administrative order and that the associate judge in this case had jurisdiction in the trial of Rule's de novo appeal. The case was retransferred to this court and we proceed to deal with the appeal on the merits in accordance with that mandate.

The facts which preceded Rule's arrest are of no relevance to the dispositive issue on the appeal. It is enough for purposes of this opinion to note that in a confrontation between Rule, who was seated in his automobile, and police officers nearby, Rule was found to be in possession of a revolver. He was placed under arrest and was charged, under a citation concurrently written by one of the arresting officers, with violation of Kansas City Ordinance Section 26.179.

In the presentation of the prosecution case before the associate circuit judge, the city attorney announced, "at this time, the City will be introducing into evidence and requests the court to take judicial notice of the existence of Ordinance 26.179 and 26.-180, as provided by the Revised Statutes of Missouri." Defense counsel protested that the court was not empowered to judicially notice any city ordinance and objected to proof of the violation in this manner. In response, the city attorney observed that "a hard bound copy" was on file with the clerk of the court and therefore Ordinance 26.179 was qualified for "judicial notice." There is no indication that a copy of the ordinances, in any form, was presented to the judge at trial and no copy appears in the appeal transcript.

■ The rule is well settled that a valid municipal prosecution requires proof of the ordinance upon which the conviction rests. *City of Lee's Summit v. Lawson,* 612 S.W.2d 65 (Mo.App.1981). A reviewing court may not take judicial notice of a municipal ordinance, *State v. Kennedy,* 530 S.W.2d 479 (Mo.App.1975), nor may a trial court judicially notice an ordinance which is not introduced in evidence at the trial. *City of Kansas City v. Narron,* 493 S.W.2d 394 (Mo.App.1973).

The city prosecutor in this case did not introduce the applicable ordinances in evidence, but instead appears to have relied on the concept of judicial notice. The trial judge acceded and announced that he would take judicial notice of the ordinances. Nothing was presented to the trial court showing the content of the ordinances and, as a consequence, the record on appeal does not contain the ordinances. What may have been the content of the "hard bound copy" referred to by the city prosecutor is not described, but it quite evidently was not at hand during the course of the trial.

■ Appellant contends his conviction may not stand because the ordinances prohibiting the misconduct with which he was charged were not proved by introduction in evidence of those ordinances or by proof that certified copies had been filed with the clerk of the court before whom the case was prosecuted. On the authorities cited, the appellant's contention must be sustained. It has been repeatedly held that municipal ordinances may not be judicially noticed but must be proved as an element of the prosecution. If the city seeks to rely on a general filing of ordinances with the court clerk, as provided in § 479.250, RSMo 1978, it must show compliance with the statute. Proof must demonstrate that the filing is complete and includes the ordinances on which the prosecution is based, it must be shown that the filing has been certified by the city clerk and, of significant importance, it must appear that the filing has been made with the clerk of the judge who is trying the case and that the ordinances are readily available for inspection. None of these conditions were met in this case.

The judgment is reversed and the case is remanded for a new trial.

All concur.