CITY OF KANSAS CITY, Respondent,

v.

Leo M. MULLEN, Appellant.

No. WD 35710.

Missouri Court of Appeals, Western District.

March 5, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

Peter J. Koppe (argued), Kansas City, for appellant.

Richard N. Ward, George L. Sharp, City Attys., Edward B. Rucker, Asst. City Pros., (argued), Kansas City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

NUGENT, Judge.

Dr. Leo Mullen was convicted by a jury of violation of a Kansas City ordinance, § 34.74(b) (1972). He argues that the city failed properly to introduce into evidence the ordinance that he was convicted of violating. Judgment affirmed.

Dr. Mullen was charged with violation on June 29, 1982, of § 34.74(b) of the Municipal Code and convicted in the municipal court. The city produced several witnesses whose testimony tended to sustain the city's burden of proof concerning Dr. Mullen's operation of his automobile.

At trial, the city prosecutor sought to introduce certified copies of the city ordinances in question. He offered the copies as Exhibit No. 1 and commented that the exhibit was "a certificate with the seal of the clerk of the City of Kansas City, Missouri attached to copies of the two ordinances involved in this case." He asked the court to take judicial notice of the ordinances "pursuant to Chapter 478 RSMo." The court and the city prosecutor then engaged in the following colloquy:

THE COURT: I don't believe I can take judicial notice, can I?

MR. LINDQUIST: There is a new section for the purpose of the City Prosecutors.

THE COURT: Okay.

Dr. Mullen, acting as his own counsel, objected to introduction of the ordinances, saying that the statutes should override the ordinances and that the city "makes a lot of ordinances that are not legal." The court overruled his objection and ordered the copies of the ordinances admitted into evidence.

■ Municipal prosecution requires proof of the ordinances upon which the prosecution rests. *City of Lee's Summit v. Lawson,* 612 S.W.2d 65 (Mo.App.1981); *City of Riverside v. Weddle,* 544 S.W.2d 328, 330 (Mo.App.1976). The trial court may not take judicial notice of an ordinance that is not properly introduced into evidence at trial. *City of Kansas City v. Rule,* 680 S.W.2d 236, 237 (Mo.App.1984), *Lawson,* 612 S.W.2d at 67. Nor may the reviewing court take judicial notice of a municipal ordinance. *Id.; State v. Kennedy,* 530 S.W.2d 479, 482 (Mo.App.1975).

■ The city has three ways to prove its ordinances. First, the city's attorney may adduce the ordinance under § 490.240 which in its pertinent parts provides as follows:

Printed copies of ordinances ... of any city ... purporting to be published by authority of such city ... and manuscript or printed copies of such ordinances ... certified under the hand of the officer having the same in lawful custody, with the seal of such city ... annexed, shall be received as evidence in all courts ...

in this state, without further proof; and any printed pamphlet or volume, purporting to be published by authority of any such ... city, and to contain the ordinances ... of such ... city, shall be evidence, in all courts and places within this state, of such ordinances....

Thus, under the first clause of § 490.240 (ending with the words "without further proof"), the city prosecutor in this case had the option of introducing into evidence a printed or manuscript certified copy of the ordinances without more. Under the second clause of § 490.240, .the prosecutor also had the option of lugging into a court a printed volume of the current municipal ordinances published by the city and proving the existence and provisions of the ordinances in question by reference to that volume. *Campbell v. St. Louis Suburban Ry. Co.*, 175 Mo. 161, 75 S.W. 86, 90 (1903); *City of Lee's Summit v. Collins*, 615 S.W.2d 592, 594 (Mo.App.1981). Chapter 490 of the revised statutes deals with evidence.

A much more recent enactment, § 479.-250, in the chapter of the revised statutes dealing with municipal courts,. provides as follows:

In the trial of municipal ordinance violation cases, a copy of a municipal ordinance which is certified by the clerk of the municipality shall constitute prima facie evidence of such ordinance. If such certified copy is on file with the clerk serving the judge hearing a case and readily available for inspection by the parties, the judge may take judicial notice of such ordinance without further proof.

Like § 490.240, the more recent § 479.250 (adopted in 1978, effective January 1, 1979) permits a party in the trial of a case involving an ordinance violation to prove the ordinance in either of two ways: First, as under § 490.240, the party may simply adduce a certified copy of the ordinance. Second, the party may file with the clerk of the court a certified copy of the ordinance and, provided that it is kept by the clerk "readily available for inspection by the par-

ties", the trial judge may take judicial notice of it, obviating any further offer by the party relying upon it.

In this case, the city prosecutor offered city's Exhibit 1, consisting of the certificate of the city clerk certifying that the attached documents were true and exact copies of §§ 34.74 and 34.376 of the city's Code of General Ordinances in full force and effect on June 29, 1982, the date of the alleged violation. The certificate was signed by a deputy city clerk and bears the imprint of the seal of the city. The documents attached to the certificate are obviously photocopies of the printed pages of the city's ordinances on which §§ 34.74 and 34.376 appear in the Kansas City Code.

■ City's Exhibit 1, which the court admitted into evidence, fully complied with the provisions of both the first clause of § 490.240 and the first sentence of § 479.-250, so that it was prima facie evidence of the current existence and the provisions of the two sections of the code. The prosecutor's incorrect reference to Chapter 478 and request that the court take judicial notice of the ordinances were mere surplussage in no way affecting his perfectly adequate offer of the exhibit or the court's receipt of it. Although the city's attorney apparently persuaded the trial judge that in this instance the court could take judicial notice of the ordinances, that is not what the court did. Instead, the court admitted Exhibit 1 into evidence. If the court chooses to take judicial notice of a fact, admission of evidence of that fact is unnecessary because the proper taking of judicial notice dispenses with the need to prove the fact in question, in accordance with the maxim that "what is known need not be proved." *Scheufler v. Continental Life Ins. Co.*, 350 Mo. 886, 169 S.W.2d 359, 365 (1943).

■ At oral argument of this case, counsel for appellant Mullen complained that the city had not proved the ordinances because the certificate in Exhibit 1 was signed by a deputy clerk and not the city clerk as required by the statutes. That objection was not made at trial, nor was it preserved in a motion for new trial or any

other post-trial motion, nor was the question of the propriety of the deputy clerk's certification raised in appellant's brief in this court. The question is not properly before us, *Hart v. Skeets*, 346 Mo. 1118, 145 S.W.2d 143, 145 (1940), but, in any event, we will not assume that the ordinances were not properly certified because the burden to show improper certification shifted to the appellant at trial, and he took no action to contest that certification. *City of Caruthersville v. Sickles*, 247 S.W. 471 (Mo.App.1923). In any event, we believe that the clerk's deputy could properly certify the ordinances to the court under both § 490.240 and § 479.250.

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.