**ST. LOUIS COUNTY,
Plaintiff/Respondent,**

v.

**Joseph P. AFSHARI,
Defendant/Appellant.**

No. 59499.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 1, 1991.

Rehearing Denied Oct. 30, 1991.

Lloyd E. Eaker, Clayton, for defendant/appellant.

Ed Kruse, Asst. County Counsel, Clayton, for plaintiff/respondent.

PER CURIAM.

Defendant appeals from convictions by the circuit court of St. Louis County for violations of the county's Waste Management Code. Defendant was fined $50 on each of two counts and his wife, Charlotte, was fined $50 on another count. We dismiss in part and affirm in part.

The ordinance alleged to have been violated was § 607.310 of the Revised Ordinances of St. Louis County. It provides:

No person shall deposit waste on any real estate or permit waste to be deposited on any real estate for which there is no valid and current license, and, if appropriate, renewal license, for the operation of a sanitary landfill, demolition landfill, waste processing facility or transfer station issued by the director . . .

Sᴛ. Lᴏᴜɪs Cᴏᴜɴᴛʏ, Mᴏ., Rᴇv. Oʀᴅɪɴᴀɴᴄᴇs § 607.310 (1987).

■ Defendant's wife has not appealed. Thus, defendant's appeal as to the count

charging her is dismissed for lack of jurisdiction.

Defendant's sole point on appeal is that there is no evidence to support the convictions.

▮ Ordinance violation actions are quasi-criminal and, on review, we must sustain the judgment of the trial court unless there was no substantial evidence to support it when the evidence and reasonable inferences therefrom are viewed in the light most favorable to the municipality; we do not weigh the evidence. *City of Webster Groves v. Erickson,* 763 S.W.2d 278, 279 (Mo.App.1988).

Applying this standard of review to the record on the remaining counts, we find the trial court's judgments must be affirmed. The judgment of the trial court is supported by substantial evidence and an extended opinion would have no precedential value. Rule 84.16(b).

Dismissed in part, affirmed in part.