**CITY OF JOPLIN, Missouri,
Plaintiff–Respondent,**

v.

**Kevin Kaye KLEIN, Defendant–
Appellant.**

**No. SD 30716.**

Missouri Court of Appeals,
Southern District,
Division One.

July 21, 2011.

R. Deryl Edwards, Joplin, MO, for Appellant.

Tyler Strodtman, Joplin, MO, for Respondent.

GARY W. LYNCH, Judge.

Kevin K. Klein ("Defendant") appeals his convictions for the violation of two City of Joplin municipal ordinances in a judgment entered by the Jasper County Circuit Court following a trial de novo. Finding insufficient evidence supporting the imposition of a penalty for the violations, we reverse.

### *Factual and Procedural Background*

The evidence reveals that on the night of November 4, 2008, Defendant harassed his two neighbors from the sidewalk in front of their house about the presidential election results. Defendant called the neighbors "dykes," threatened harm, and tried to provoke a fight. Defendant's neighbors called 911, and Defendant was subsequently arrested. He was charged under Joplin City Ordinance § 82–73 for disturbing the peace.

Ten days later, in a separate and unrelated incident, Defendant called 911 and reported that a male in a white Cadillac had pointed a gun at him. Police responded and searched the vehicle and premises but failed to find any weapon. After informing Defendant that no weapons were found, police told him to refrain from calling the police unless there was an actual emergency. As the police began to leave, Defendant again called 911 and reported that a person was on the front porch of the residence with a shotgun. The officer who received the dispatch was parked within view of the front porch and did not see anyone on it. When that officer walked back to Defendant, he found Defendant on the phone and asked whom he was speaking with. Defendant told the officer that he was speaking with a friend. The officer then asked Defendant to hand him the phone. After the officer saw 911 on the screen, he arrested Defendant for misuse of 911. Defendant was charged under Joplin City Ordinance § 82–17 for misuse of the emergency telephone system.

After both charges were apparently consolidated into one case in the municipal division of the Circuit Court, Defendant was found guilty of both charges. He then filed a single application for trial de novo of both convictions. Following a bench trial de novo, Defendant was found guilty of both charges and fined four hundred dollars on each charge. Defendant thereafter received a special order from this Court permitting the late filing of a notice of appeal; this appeal ensued.

### *Standard of Review*

While considered a civil action, municipal ordinance violations are said to be "quasi-criminal in nature." *City of Webster Groves v. Erickson,* 789 S.W.2d 824, 826 (Mo.App.1990) (quoting *Strode v. Dir. of Revenue,* 724 S.W.2d 245, 247 (Mo. banc 1987)). This is so because the rules of criminal procedure apply to the prosecution of ordinance violations. *Erickson,* 789 S.W.2d at 826. Additionally, ordinance provisions that impose penalties "are strictly construed against the municipality and will not be extended by implication." *City of Kansas City v. McGary,* 218 S.W.3d 449, 452 (Mo.App.2006) (citing *Levin v. Carpenter,* 332 S.W.2d 862, 865 (Mo.1960)).

Upon review of a municipal ordinance violation, we must affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *City of Strafford v. Croxdale*, 272 S.W.3d 401, 404 (Mo.App.2008). "[T]he evidence and reasonable inferences therefrom are viewed in the light most favorable to the municipality; all evidence and inferences to the contrary are to be disregarded." *City of University City v. MAJ Inv. Corp.*, 884 S.W.2d 306, 307 (Mo.App.1994) (citing *St. Louis Cnty. v. Afshari*, 817 S.W.2d 914, 915 (Mo.App.1991); *City of Jackson v. Rapp*, 700 S.W.2d 498, 499 (Mo.App.1985)).

### Discussion

Defendant argues by motion that the municipal ordinances 82–17 and 82–73 should be stricken from the legal file and record on appeal because the City failed to timely offer the ordinances into evidence, in compliance with sections 490.240 or 479.250,[1] and the ordinances were not admitted as evidence by the circuit court. Defendant further contends in his first point that the City failed to prove the contents of the municipal ordinances when it failed to properly admit the ordinances into evidence, as required by sections 490.240 or 479.250. As such, Defendant maintains that the trial court's findings of guilt should be reversed. We disagree.

"Municipal prosecution requires proof of the ordinances upon which the prosecution rests." *City of Kansas City v. Mullen*, 690 S.W.2d 421, 422 (Mo.App. 1985) (citing *City of Lee's Summit v. Lawson*, 612 S.W.2d 65, 67 (Mo.App.1981); *City of Riverside v. Weddle*, 544 S.W.2d 328, 330 (Mo.App.1976)). A conviction cannot stand without "proof of the existence and content of the ordinance defining the offense for which appellant was charged[.]" *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982). Furthermore, a court may not take judicial notice of a municipal enactment that is not introduced properly into evidence. *City of University City*, 884 S.W.2d at 307; *Duly v. Heflin*, 873 S.W.2d 932, 935 (Mo.App.1994); *Mullen*, 690 S.W.2d at 422; *City of Kansas City v. Rule*, 680 S.W.2d 236, 237 (Mo.App. 1984).

A city may prove its ordinances in one of three ways: (1) in accordance with the first clause of section 490.240, the prosecutor can enter a handwritten or printed certified copy of the ordinances into evidence, *Mullen*, 690 S.W.2d at 422–23; (2) alternatively, in accordance with the second clause of section 490.240, the prosecutor has the choice of "lugging into a court a printed volume of the current municipal ordinances published by the city and proving the existence and provisions of the ordinances in question by reference to that volume[,]" *Id.* at 423; or (3) under section 479.250, the prosecutor has the further options of adducing a certified copy of the ordinance or filing a certified copy of the ordinance with the clerk of the court "and, provided that it is kept by the clerk 'readily available for inspection by the parties,' the trial judge may take judicial notice of it, obviating any further offer by the party relying upon it." *Id.* (quoting section 479.250).

Here, the record supports that the relevant ordinances were properly before the circuit court and readily available for inspection by the parties. The record discloses that certified copies of both ordi-

---

1. Unless otherwise indicated, all further references to statutes are to RSMo Cum.Supp. 2008.

nances that Defendant was charged under were sent from the municipal court administrator to the circuit court clerk along with Defendant's trial de novo application. The copied ordinances were properly certified by the assistant city clerk for the City of Joplin, and both the city prosecutor and Defendant's counsel were copied on the letter, providing notice that the certified ordinances were available for inspection by all parties. Furthermore, at trial, the city prosecutor referenced the ordinances without objection by the Defendant:

> [Prosecutor]: Judge, I believe you have the city ordinances in front of you.
>
> BY THE COURT: I do.

As such, the ordinances meet the criteria for judicial notice as set forth by section 479.250. Defendant's preliminary motion and first point are denied.

In his second point relied upon, Defendant argues that the charging informations failed to "(1) allege the essential facts consituting [sic] a violation of the ordinances, (2) allege all elements of the crime intended to be charged and (3) set forth the penalty for violation of the ordinances," and as such failed to "adequately apprise [Defendant] of the charges against him and the penalties therefor, and whether final disposition of the charges would bar further prosecution for the same offense, thereby depriving the circuit court of jurisdiction[.]" Defendant generally incorporated the alleged defects into his motion to dismiss, raised before trial and renewed during closing arguments.[2]

■ All ordinance violations are to be prosecuted by information. Rule 37.34.[3] Rule 37.35 sets forth the requirements for a sufficient charging information. To be sufficient, the information must be in writing, signed by the prosecutor, and filed in the court that has jurisdiction over the ordinance violation. Rule 37.35(a); *City of Montgomery v. Christian,* 144 S.W.3d 338, 341 (Mo.App.2004). Additionally, the information shall: (1) state the defendant's name; (2) plainly state the essential facts constituting the ordinance violation, including any necessary facts for enhanced punishment; (3) specify the location and date of the charged ordinance violation; (4) cite the chapter and section of the ordinance allegedly violated and the chapter and section that provides the punishment or penalty. *Id.*; Rule 37.35(b). However, regarding informations for municipal ordinance violations, "the same strictness is not required as in a criminal prosecution[.]" *Kansas City v. LaRose,* 524 S.W.2d 112, 116 (Mo. banc 1975); *City of Chesterfield v. DeShetler Homes, Inc.,* 938 S.W.2d 671, 674 (Mo.App.1997) (citing *City of Clinton v. Kammerich,* 642 S.W.2d 353, 355 (Mo.App.1982)). An ordinance violation charging information "is considered to be sufficient if it describes the act complained of in the language of the ordinance itself." *Jordan v. City of Kansas City,* 972 S.W.2d 319, 324 (Mo.App.1998) (citing *City of Joplin v. Graham,* 679 S.W.2d 897, 898 (Mo.App.1984)). Moreover, this Court has previously noted that an information's sufficiency and a trial court's jurisdiction are two distinct doctrines. *State v. Richter,* 241 S.W.3d 368, 369 (Mo.App.2007) (citing *State v. Parkhurst,* 845 S.W.2d 31, 34–35 (Mo. banc 1992)).

■ Here, both citations are in accord with Rule 37.35(a), as they were in writing,

---

2. We do not agree with the City's assertion that Defendant's second point is raised for the first time on appeal. As such, we acknowledge *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992) (finding the objection of insufficient information was raised for the first time on appeal), but find its application here inapposite.

3. All rule references are to Missouri Court Rules (2011), unless otherwise indicated.

provided the prosecutor's signature, and were filed with the court that had jurisdiction. Additionally, both citations stated Defendant's name, along with the date, time and location of the alleged violation. The first uniform citation that was used to charge Defendant listed the offense as "peace disturbance" and provided facts supporting the offense as "Klein made threats against the complaintants [sic]." Likewise, the second uniform citation that was used to charge Defendant listed the offense committed as "misuse of 911" and provided facts supporting the offense as "made 2 false 911 calls." Although neither citation listed the chapter nor section number of the ordinance allegedly violated, the language used on the citations closely tracked the language of the actual ordinances. Section 82–73 of the Joplin City Code describes the offense therein as "peace disturbance[,]" and section 82–17 includes "calling '911' for nonemergency situations" as a misuse of the emergency telephone system.

 Nevertheless, both citations failed to list the chapter and section number of the ordinances providing a penalty, and neither penalty ordinance was admitted into evidence or otherwise properly before the trial court or included in the record.[4] Thus, the charging informations do not comply with Rule 37.35(b)(4). Similarly, in *City of Montgomery*, 144 S.W.3d at 342–43, which involved four charges of alleged municipal ordinance violations, the Eastern District of this Court found that all four charging informations were fatally deficient when, in addition to other defects, they lacked the chapter and section number of the ordinances providing penalties. Moreover, in accordance with our discus-

sion, *supra*, a court may not take judicial notice of an ordinance that is not properly introduced into evidence, *City of University City*, 884 S.W.2d at 307; nor may a court take judicial notice of an ordinance that fails to meet the requirements of 479.250. *Mullen*, 690 S.W.2d at 422–23. Therefore, judicial notice of the penalty ordinances is precluded.

 Normally, in noncapital cases, determinations of sentencing are not considered a second trial, and thus, double jeopardy principles do not apply. *State v. Cobb*, 875 S.W.2d 533, 536 (Mo. banc 1994). "The accused in a noncapital case is not being twice put at risk of a wholly different form of punishment by being resentenced." *Id.* As such, "[t]he constitutional double jeopardy prohibition does not speak to sentencing except in capital cases." *Id.* Accordingly, the Supreme Court of Missouri and all districts of this Court "have held that the constitutional guarantee against double jeopardy is not applicable to a noncapital proceeding to assess punishment." *Id.* at 537.

However, in light of *State v. Collins*, 328 S.W.3d 705 (Mo. banc 2011), the City may not be afforded a second bite of the proverbial apple to present new evidence prior to a re-sentencing hearing. In *Collins*, the Supreme Court of Missouri vacated and remanded without allowing the State to offer additional evidence for punishment enhancement (prior convictions) at resentencing when "[t]he state failed to adduce, prior to sentencing, the necessary evidence to prove that [Collins was] a chronic DWI offender." *Id.* at 710. The Court reasoned that "[p]recedent persuades that, on remand, the state does not receive a second opportunity to prove its case." *Id.* at

---

4. Neither section 83–73 nor 83–17 provided any penalty provision, but rather referenced another ordinance for an appropriate penalty. As conceded by the City during oral argu-

ment, no corresponding penalty ordinance was offered into evidence or was otherwise properly before the trial court on either charge.

710. When the shortcomings relate to the insufficiency of evidence to support the imposition of a penalty, this Court sees no legal distinction between the State's failure to prove prior convictions for sentencing enhancement in *Collins* and the City's failure to prove sentencing ordinances at all here. Because the City failed to allege the penalty ordinances in the charging information or prove them during trial, it is prevented from doing so at re-sentencing under the "[p]recedent" rationale of *Collins*. As in *Collins*, this Court cannot "reward prosecutorial laxity with another opportunity to make a case." *Id.* at 709. Without the penalty provisions properly before this Court, or the trial court, prior to sentencing, the sole remedy available is to discharge Defendant.

### *Decision*

The judgment of the trial court is reversed, and the case is remanded to the trial court with directions to vacate the imposition of a penalty and to discharge Defendant.

BARNEY, P.J., and BURRELL, J., concur.