CITY OF JOPLIN, Missouri,
Plaintiff–Respondent,

v.

Kimberly K. MARSTON, Defendant–
Appellant.

No. SD 30824.

Missouri Court of Appeals,
Southern District,
Division One.

July 21, 2011.

---

R. Deryl Edwards, Joplin, MO, for Appellant.

No brief filed by Respondent.

GARY W. LYNCH, Judge.

Kimberly K. Marston, ("Defendant") appeals her convictions, following a trial de novo in the Circuit Court of Jasper County, for driving a vehicle under the influence of drugs and driving the wrong direction on a one-way street allegedly in violation of City of Joplin ordinances. Finding insufficient evidence as to the ordinances alleged to have been violated, we reverse and remand for the entry of a judgment of acquittal.

### Factual and Procedural Background

As a prefatory matter, we observe that the City of Joplin failed to file a respondent's brief in this case, which we acknowledge it was under no obligation to do. However, " '[w]hen one party fails to file a brief, [this Court] is left with the dilemma of deciding the case (and possibly establishing precedent for future cases) without the benefit of that party's authorities and point of view. Appellate courts should not be asked or expected to assume such a role.' " *City of Montgomery v. Christian*, 144 S.W.3d 338, 339 (Mo.App.2004) (quoting *State v. Musil*, 935 S.W.2d 379, 380 (Mo.App.1996) (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978))).

Officer Gabriel Allen of the Joplin Police Department observed Defendant driving the wrong way down a one-way street. Officer Allen initiated a traffic stop and, upon approaching the vehicle, noticed the strong smell of burnt marijuana. He next asked Defendant if she had had anything to drink, to which Defendant responded that she had drunk one beer. Officer Allen then had Defendant perform several field sobriety tests, the results of which indicated intoxication. Thereafter, Officer Allen arrested Defendant and performed a search of the vehicle, during which he found a marijuana joint on the floorboard between the two front passenger seats. Defendant was subsequently charged with violating three municipal ordinances: driving a motor vehicle under the influence of a controlled substance ("Count I"), driving the wrong direction on a one-way street ("Count II"), and possession of marijuana ("Count III").

Following trial in the municipal division of the circuit court, Defendant was found guilty on all three charges. She timely filed an application for trial de novo. After that trial de novo, the circuit court found Defendant not guilty as to Count III but guilty on Counts I and II. The court sentenced Defendant to pay a fine of $400.00 on each of the latter two counts. Defendant later received a special order from this Court permitting the late filing of a notice of appeal; this appeal ensued.

### Standard of Review

■ While considered a civil action, municipal ordinance violations are said to be "quasi-criminal in nature." *City of Webster Groves v. Erickson*, 789 S.W.2d 824, 826 (Mo.App.1990) (quoting *Strode v. Dir. of Revenue*, 724 S.W.2d 245, 247 (Mo. banc 1987)). This is so because the rules of criminal procedure apply to the prosecution of ordinance violations. *Erickson*, 789 S.W.2d at 826.

■ Upon review of a municipal ordinance violation, we must affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *City of Strafford v. Croxdale*, 272 S.W.3d 401, 404 (Mo. App.2008). "[T]he evidence and reasonable inferences therefrom are viewed in the light most favorable to the municipality; all evidence and inferences to the contrary are to be disregarded." *City of University City v. MAJ Inv. Corp.*, 884 S.W.2d 306, 307 (Mo.App.1994) (citing *St. Louis Cnty. v. Afshari*, 817 S.W.2d 914, 915 (Mo. App.1991); *City of Jackson v. Rapp*, 700 S.W.2d 498, 499 (Mo.App.1985)).

### Discussion

Defendant's first point contends that the City failed to prove the contents of the municipal ordinances she allegedly violated. We agree.

"Municipal prosecution requires proof of the ordinances upon which the prosecution rests." *City of Kansas City v. Mullen*, 690 S.W.2d 421, 422 (Mo.App. 1985) (citing *City of Lee's Summit v. Lawson*, 612 S.W.2d 65, 67 (Mo.App.1981)); *City of Riverside v. Weddle*, 544 S.W.2d 328, 330 (Mo.App.1976). A conviction cannot stand without "proof of the existence and content of the ordinance defining the offense for which appellant was charged[.]" *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982). Furthermore, a court may not take judicial notice of a municipal enactment that is not introduced properly into evidence. *City of University City*, 884 S.W.2d at 307; *Duly v. Heflin*, 873 S.W.2d 932, 935 (Mo.App.1994); *Mullen*, 690 S.W.2d at 422; *City of Kansas City v. Rule*, 680 S.W.2d 236, 237 (Mo.App.1984).

A city may prove its ordinances in one of three ways: (1) in accordance with the first clause of section 490.240,[1] the prosecutor can enter a handwritten or printed certified copy of the ordinances into evidence, *Mullen*, 690 S.W.2d at 422–23; (2) alternatively, in accordance with the second clause of section 490.240, the prosecutor has the choice of "lugging into a court a printed volume of the current municipal ordinances published by the city and proving the existence and provisions of the ordinances in question by reference to that volume[,]" *Mullen*, 690 S.W.2d at 423; or (3) under section 479.250, the prosecutor has the further options of adducing a certified copy of the ordinance or filing a certified copy of the ordinance with the clerk of court "and, provided that it is kept by the clerk 'readily available for inspection by the parties', the trial judge may take judicial notice of it, obviating any further offer by the party relying upon it." *Mullen*, 690 S.W.2d at 423 (quoting section 479.250).

Here, although Defendant was convicted on Counts I and II of violating City of Joplin municipal ordinances, the record is void of any indication that the relevant ordinances were introduced or received into evidence; thus, the ordinances were not properly before the trial court as required by section 490.240. Likewise, there is no indication from the record that certified copies of the relevant ordinances were filed with the clerk of court as allowed by section 479.250. In short, nothing in the record supports that the relevant ordinances were properly before the trial court.

Accordingly, the ordinance violations remain unproven, and principles of double jeopardy preclude a second trial when the evidence is found to be legally insufficient by the reviewing court. *Furne*, 642 S.W.2d at 617 (citing *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978)); *City of University City*, 884 S.W.2d at 308 n. 1; *City of Kansas City v. Baker*, 793 S.W.2d 646, 648 (Mo.App.1990); *City of Boonville v. Martin*, 694 S.W.2d 295, 296 (Mo.App.1985); *City of Riverside*, 544 S.W.2d at 330; *contra Rule*, 680 S.W.2d at 237 (reversing and remanding for new trial without discussion of double jeopardy). Therefore, a direction of judgment of acquittal is the sole remedy available. *See Furne*, 642 S.W.2d at 617 (quoting *Burks*, 437 U.S. at 18, 98 S.Ct. 2141). Defendant's first point is granted.[2]

---

1. All references to statutes are to RSMo Cum. Supp.2008, unless otherwise indicated.

2. Because Defendant's first point is dispositive of this appeal, we need not address Defendant's remaining point.

***Decision***

The trial court's judgment is reversed, and the cause is remanded for the entry of a judgment of acquittal.

BARNEY, P.J., and BURRELL, J., concur.