STATE of Missouri, Respondent,

v.

Anthony J. WATSON, Appellant.

WD 79005

Missouri Court of Appeals,
Western District.

OPINION FILED: February 28, 2017

Evan J. Buchheim, Jefferson City, MO, for respondent.

Susan L. Hogan, Kansas City, MO, for appellant.

Before Division Two: Cynthia L. Martin, Presiding Judge, Lisa White Hardwick, Judge and Alok Ahuja, Judge

Cynthia L. Martin, Judge

Anthony Watson ("Watson") appeals his conviction of statutory sodomy in the first degree following a jury trial. Watson argues that the verdict director violated his right to a unanimous jury verdict because it failed to specify a particular incident of sodomy. We affirm.

## Factual and Procedural Background[1]

In 2003, Victim was four years old and lived in Independence, Missouri with her mother, siblings, and other relatives. Watson was fourteen years old and lived in the same house. During and about this time period, multiple sexually-related incidents occurred between Watson and Victim.

Years later, Victim shared these incidents with a counselor and then the police. Watson was eventually charged by indictment for one count of statutory sodomy in the first degree (Count I) and one count of attempted statutory sodomy in the first degree (Count II). Count I charged that Watson placed his hand on Victim's genitals, and Count II charged that he pushed Victim's head towards his genitals.

At trial, Victim testified that on multiple occasions, when the kids of the house were going to bed, Watson would ask Victim if she was "going to stay up for [him]" or if she was "going to be up later." Victim testified that this occurred more than ten times and "seemed like every night." Victim described these occurrences similarly. Later in the night, Watson would bring Victim out to the couch in the living room, and take off his and her pants. Victim would lay on the couch with her back to Watson's chest, and they would have a blanket over them and the television on in front of them. Victim would not be able to see what Watson was doing behind her but remembered that it hurt. Victim testified that she did not know what part of her body Watson penetrated, and that she was unsure whether Watson was using his penis or his finger. Victim also testified that, on another occasion, Watson showed Victim his penis and had her lick it. Victim knew this occurred on a red bunk bed.

■ Later in the trial, the jury watched a video interview between Watson and Detective Jason Clancy. At some point during the interview, Watson admitted to inserting his finger into Victim's vagina one time. [Appellant's Brief, p. 7; Respondent's Brief, p. 7][2] Watson also stated that he tried to get Victim to perform oral sex on him.

The verdict director for Count I required the jury to find that Watson

---

1. We review the evidence in a light most favorable to the jury's verdict. *State v. Celis–Garcia*, 344 S.W.3d 150, 152 (Mo. banc 2011).

2. Watson's recorded interview is not in the record on appeal. "The record on appeal 'must contain all of the proceedings necessary to a determination of the questions presented for decision,' and matters omitted from the record will not be presumed to be favorable to the appellant." *Bruce v. State*, 998 S.W.2d 91, 93 n.1 (Mo. App. W.D. 1999) (quoting *State v. Holland*, 653 S.W.2d 670, 678 (Mo. banc 1983)). In fact, "[a]n omitted exhibit ... may be taken as supporting the judgment of the trial court." *City of Lee's Summit v. Collins*, 615 S.W.2d 592, 595 (Mo. App. W.D. 1981).

"knowingly placed his finger in [Victim's] vagina." The verdict director for Count II required the jury to find that Watson pushed Victim's head toward his penis. The jury convicted Watson on Count I, but acquitted him on Count II. The jury recommended a sentence of twenty-five years imprisonment. The trial court sentenced Watson to ten years imprisonment. Watson filed this timely appeal.

## Analysis

■ Watson raises one point on appeal. Watson claims that the trial court plainly erred in submitting the verdict director for Count I to the jury because it failed to specify a particular incident of alleged statutory sodomy after the State presented evidence of multiple incidents of sodomy. According to Watson, this made it possible that the jury failed to unanimously find that the same incident of sodomy occurred, which violated his right to a unanimous jury verdict.

■ Watson concedes that he failed to object to the verdict director and requests plain error review. "An unpreserved claim of error can be reviewed only for plain error, which requires a finding of manifest injustice or a miscarriage of justice resulting from the trial court's error." *State v. Celis–Garcia*, 344 S.W.3d 150, 154 (Mo. banc 2011). "For instructional error to constitute plain error, the defendant must demonstrate the trial court 'so misdirected or failed to instruct the jury that the error affected the jury's verdict.'" *Id.* (quoting *State v. Dorsey*, 318 S.W.3d 648, 652 (Mo. banc 2010)).

■ Article I, section 22(a) of the Missouri Constitution guarantees the right to a unanimous jury verdict. *Celis–Garcia*, 344 S.W.3d at 155. "For a jury verdict to be unanimous, 'the jurors must be in substantial agreement as to the defendant's acts, as a preliminary step to determining guilt.'" *Id.* (quoting 23A C.J.S. *Criminal Law* section 1881 (2006)).

■ In *Celis–Garcia*, the Missouri Supreme Court addressed the right to a unanimous jury verdict in the context of a multiple acts case. *Id.* at 155–59. The Court held that "[a] multiple acts case arises when there is evidence of multiple, distinct criminal acts, each of which could serve as the basis for a criminal charge, but the defendant is charged with those acts in a single count." *Id.* at 155–56. In determining whether a case is a multiple acts case, courts should consider the following factors: "(1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct." *Id.* at 156 (quoting 75B AM. JUR. 2d *Trial* section 1511 (2007)). The Court held that the right to a unanimous jury is protected in a multiple acts case when the State "elect[s] the particular criminal act on which it will rely to support the charge or . . . the verdict director specifically describ[es] the separate criminal acts presented to the jury and the jury [is] instructed that it must agree unanimously that at least one of those acts occurred." *Id.* at 157.

Watson correctly identifies this case as one involving multiple acts. Count I of the indictment charged Watson with statutory sodomy in the first degree under section 566.062, which criminalizes "deviate sexual intercourse." At the time of Watson's alleged conduct, section 566.010(1)[3] defined "deviate sexual intercourse" as:

---

**3.** All statutory references are to RSMo 2000

as supplemented through the time of Wat-

[A]ny act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Victim testified to an incident on the bunk bed where she was required to "lick" Watson's penis, and she testified to a series of incidents on the living room couch where she was penetrated in a part of her body she could not specify with a part of Watson's body she could not identify, though she believed it to be Watson's penis. And Watson admitted during his interrogation to digital penetration of Victim's vagina on one occasion. Each of these incidents arguably "constituted deviate sexual intercourse, and, therefore, each could have served as a basis for the criminal charge of sodomy." *State v. Edwards*, 365 S.W.3d 240, 247 (Mo. App. W.D. 2012).

Despite evidence of multiple, distinct acts of sodomy or abuse, however, the State took sufficient steps to avoid violating Watson's right to a unanimous jury verdict by electing to submit a particular act to support the charge of statutory sodomy—that Watson "knowingly placed his finger in [Victim's] vagina." The verdict director's specificity prevented the jury from finding Watson guilty of any sodomy or abuse not involving digital penetration of Victim's vagina. *Edwards*, 365 S.W.3d at 247. Because the State elected to submit this specific criminal act, we need only concern ourselves with "whether the evidence reflects multiple, distinct acts of [digital] to [vaginal] contact, such that would warrant more specificity in the verdict director to insure [sic] jury unanimity." *Id.* at 248.[4]

Watson admitted during his interrogation "that he had inserted his finger in [Victim's] vagina one time." [Appellant's Brief, p. 7] Victim testified that Watson would "insert his penis in me," then equivocated to say that although it "might have been a finger, [she] was pretty sure it was a penis because it hurt." However, Victim could not identify what part of her body was penetrated, and never testified that it was her vagina. Victim's testimony did not establish the occurrence of multiple, distinct acts of digital penetration of Victim's vagina, the specific conduct submitted in the verdict director. Instead, the *only* evidence of digital penetration of Victim's vagina came from Watson himself. Consistent with this fact, during closing argument, the State emphasized Watson's admission in addressing the evidence supporting the verdict director for Count I.

Under these circumstances, the language of the verdict director was not so broad that it "allowed each individual juror to determine which incident he or she would consider in finding [Watson] guilty of statutory sodomy." *Celis–Garcia*, 344 S.W.3d at 156. It is unreasonable to conclude that the jurors were not in substantial agreement as to Watson's admitted act of "plac[ing] his finger in [Victim's] vagi-

son's alleged conduct, unless otherwise noted. The current definition of "deviate sexual intercourse" is found at section 566.010(3) and is substantially the same.

4. We are mindful that in a case involving the same repeated criminal act, "[i]t is unclear whether the standard verdict directing instruction must be modified ... to ensure a unanimous verdict." MAI–CR 4th 404.02, Notes on Use ¶ 7 (citing *Celis–Garcia*, 344 S.W.3d at 157 n.8). The applicable Missouri Approved Instruction at the time of Watson's trial was MAI–CR 3d 304.02, but the current MAI and its Notes on Use are substantially the same.

na." Therefore, although the evidence generally referenced multiple acts of sodomy and abuse, the evidence did not reference multiple acts of digital penetration of Victim's vagina. The evidence did not "warrant more specificity in the verdict director to insure jury unanimity." *Edwards*, 365 S.W.3d at 248. We find no error, plain or otherwise, in the trial court's submitted verdict director.

### Conclusion

The trial court's judgment of conviction of statutory sodomy in the first degree is affirmed.

All concur