**CITY OF HURDLAND, Respondent,**

v.

**Billy MORROW, Appellant.**

**No. WD 46419.**

Missouri Court of Appeals,
Western District.

July 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Application to Transfer Denied
Oct. 26, 1993.

Charles R. Willis, St. Louis, for appellant.

Brent John Mayberry, Kirksville, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Billy Morrow appeals his conviction for maintaining a nuisance in violation of a Hurdland ordinance. He alleges that the trial court erred in denying his motion to dismiss the information because of legal deficiencies and that it erroneously transferred venue to Adair County from Knox County. We affirm.

On May 4, 1991, Hurdland notified Morrow that the condition of his property was a nuisance in violation of city ordinances. When he did not correct the nuisance to the city's satisfaction, the city filed an information on June 17, 1991, charging him with maintaining a nuisance. The information stated:

> Defendants [sic] are the owners and occupants of a premise located at the City of Hurdland where the weeds and grass have grown to a length exceeding 12 inches, where litter and refuse are scattered throughout the property, where old cars, car parts, truck frames, truck beds, old bailers, unused light poles, old machinery, and piles of iron, plastic, cardboard, and glass scattered throughout the property to the annoyance and discomfort of residents of Hurdland all in violation of Ordinance # 13, Sections 1, 2, 3, and 5 of the City of Hurdland, Missouri.

Morrow notes that Hurdland's Ordinance 13, § 7, states, "Whenever any nuisance, as defined in the foregoing sections of this ordinance, shall be determined to exist, the City Marshal shall notify the owner or occupant of the premises upon which said condition exists to remove the same within 24 hours from the time of such notice."

Morrow argues that because the city's information did not state that it had given him notice pursuant to Ordinance 13, § 7, "the information was fatally insufficient." He relies on *City of Green Ridge v. Brown,* 523 S.W.2d 609, 612 (Mo.App.1975), in which this court held that an information charging a violation of a municipal nuisance ordinance containing a notice was "fatally

insufficient" if it did not allege that notice had been given.

Since the *Brown* case, the Supreme Court of Missouri has promulgated Rule 37.41 which says, "No information shall be invalid ... because of any defect therein that does not prejudice the substantial rights of the defendant." Moreover, the court has instructed in Rule 37.03, "Rule 37 shall be construed to secure the just, speedy and inexpensive determination of ... all ordinance violations."

■ While we concur that notice was an element of the charge which should have been included in the information, pursuant to Rule 37.41, we do not find it reversible error because we do not discern any prejudice to Morrow. Nor does he allege any. Although he contends that all elements must be pleaded so a defendant can prepare a proper defense, he does not show specifically how he was prejudiced—what information was missing which prevented him from preparing an adequate defense. He did not seek a bill of particulars before trial. He did not object at trial to the city's introducing evidence of notice. At trial, he testified:

> [Prosecutor:] Now, so there's no misunderstanding, you received that notice that's been admitted into evidence, the notice telling you to clean up your property; didn't you?

> [Morrow:] I received that piece of paper right there, yes.

> . . . .

> [Prosecutor:] And you took it in your hand and you read it; didn't you?

> [Morrow:] Yes, I did.

The point is rejected.

Morrow's second point concerns his application for a change of venue. He claimed that all inhabitants of the counties comprising the Second Judicial Circuit were prejudiced against him and that the city would have undue influence over them. The city did not file a denial of the motion's allegations, and the court, after a hearing, transferred the case from Knox County to Adair County.

■ Morrow complains that the change of venue from Knox County to Adair County was contrary to Rule 32.04(e) which states:

> The state may, within five days after the filing of the application for a change of venue, file a denial of the existence of the reason or reasons alleged in the application. Such denial need not be verified. If a denial is filed, the court shall hear evidence and determine the issues. [I]f no denial is filed, a change of venue *shall*[1] be ordered to some other county convenient to the parties and where the reason or reasons do not exist.

■ Morrow reasons that although the judge changed the venue to another county, his application—not denied by the city—indicated prejudice in every county of the Second Judicial Circuit, so the case should have been moved to another circuit. While Rule 32.-04(e) is mandatory—that is, if the government does not file a denial, the court must grant a change of venue—the rule mandates only a change to some other county. Morrow relies on *State v. Bailey,* 344 Mo. 322, 126 S.W.2d 224, 228 (1939), for the proposition that if the application of the defendant is sufficient, the court must transfer the case out of the circuit. That case construed venue statutes. Indeed, § 545.450, RSMo 1986, provides, "Whenever it shall appear ... that the inhabitants of the entire circuit are so prejudiced against the defendant that a fair trial cannot be had therein, the cause shall, by order of the court or judge thereof, be removed to another circuit, in which such prejudice is not alleged to exist." Section 545.450, however, has been superseded by Rule 32.04, *see* Rule 19.02, and is not applicable. Unlike § 545.450, Rule 32.04 makes no provision for removal to another circuit. In fact, Rule 32.04(a)(1) provides for requesting a change of venue only on the ground "that the inhabitants of *the county* are prejudiced against the defendant[.]"[2] It does not make the prejudice of the inhabitants of a circuit a ground for change of venue.

1.  We added the emphasis.

2.  We added the emphasis.

"The right to a change of venue is purely statutory, and has no existence outside of the special grant of power to award it. The words 'in which such prejudice is not alleged to exist' cannot be held to have the effect to allow a change of venue to go where none theretofore was granted[.]" *State ex rel. Cottrell v. Wofford*, 119 Mo. 408, 24 S.W. 1009 (1894). If Morrow found Adair County to be unacceptable, he was obligated to file a second application for a change of venue, which he did not do. The point is rejected.

All concur.