

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| ST. LOUIS COUNTY, | ) | No. ED100518 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Renee Hardin-Tammons |
| AVIVI HEIMAN, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 24, 2014 |

Introduction

Avivi Heiman ("Heiman") appeals from the judgment of the Municipal Court of St. Louis County overruling his motion to dismiss and finding him guilty of committing numerous violations of the Property Maintenance Code of St. Louis County ("Code").[1] On appeal, Heiman argues that the municipal court erred in entering judgment against him because (1) the information charging him was facially insufficient in that it failed to state which sections of the Code Heiman was charged with violating, and (2) the judgment is against the weight of the evidence because St. Louis County failed to prove Heiman is the owner of the property at issue. Because the County's failure to include a precise reference to section numbers of the Code did not prejudice Heiman's understanding of the charges brought against him in the information or his ability to defend against the charges, and because the municipal court's finding that Heiman

---

[1] St. Louis County Revised Ordinances, Chapter 1110.

was an owner of the property under the Property Maintenance Code was not against the weight of the evidence, we affirm the judgment of the municipal court.

Factual and Procedural History

In January 2011, Vernon Casimere ("Casimere"), Program Manager of St. Louis County's Neighborhood Preservation Program, conducted a preoccupancy inspection on the Elta Rose Apartment Complex in North St. Louis County. While performing the inspection, Casimere met Heiman, who was working on the property grounds. Casimere found numerous Code violations as a result of the inspection, and on at least ten occasions thereafter, Casimere spoke with Heiman about the violations and what repairs and improvements were needed to bring the property in compliance with the Code. Heiman told Casimere that he would hire a crew to complete the necessary repairs, and at one point also provided Casimere a work scope that laid out Heiman's plans for completing the repairs. Throughout Casimere's communications with Heiman, Heiman never referred Casimere to a different individual to discuss the violations and necessary repairs, nor did he indicate that he lacked authority to approve repairs at the property.

On October 13, 2011, St. Louis County charged Heiman by information with numerous violations of the Code at the Elta Rose Apartment Complex.[2] The charging documents set forth the name of the defendant, the date of the violation, the address of the building in violation, and a short description of each violation with reference to an attached numbered photograph depicting the violation.[3] The charging documents did not include citations to the specific section numbers of the Code allegedly violated by Heiman.

---

[2] St. Louis County served Heiman with 17 separate informations, each of which was identical in form. For the sake of clarity, we will refer to these separate informations collectively as "the charging documents."
[3] For example, "Damaged front entrance post Photo #1; Exterior not painted Photo #2; Graffiti not removed Photo #3 . . ."

On February 14, 2013, Heiman filed a motion to dismiss arguing that the charging documents were facially insufficient. Specifically, Heiman asserted that property ownership is an essential element of the charged offenses, and the charging documents failed to allege any facts showing that Heiman was the property owner of the Elta Rose Apartment Complex. Therefore, Heiman alleged the charging documents were insufficient to charge him with the Code violations.

The case proceeded to a bench trial on February 24, 2013. St. Louis County offered into evidence the following sections of the Code that Heiman was charged with violating: 302.1, 304.6, 304.9, 304.10, 304.13, 304.14 and 604.3. Heiman objected to the admission of the sections on the ground that the sections were not cited in the charging documents. The municipal court overruled Heiman's objection and admitted the Code sections into evidence.

On May 15, 2013, the municipal court entered its order and judgment overruling Heiman's motion to dismiss and finding him guilty of the Code violations. Heiman was ordered to pay fines totaling $4,525.00 and was placed on probation for 2 years. This appeal follows.

<u>Points on Appeal</u>

Heiman presents two points on appeal. First, Heiman alleges that the trial court erred in overruling his motion to dismiss because the charging documents did not identify which sections of the Code Heiman allegedly violated, and therefore were facially insufficient. Second, Heiman alleges that the municipal court's judgment is against the weight of the evidence in that St. Louis County failed to prove that Heiman is the owner of the Elta Rose Apartment Complex.[4]

---

[4] We note that Heiman presents several arguments for reversal within the argument section of his brief that are not raised in the points relied on. Arguments raised only in the argument section of the brief are not preserved for review and we therefore do not address them. In re Marriage of Fritz, 243 S.W.3d 484, 488 (Mo. App. E.D. 2007).

<u>Standard of Review</u>

We will sustain the judgment of the municipal court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. <u>City of Joplin v. Klein</u>, 345 S.W.3d 351, 354 (Mo. App. S.D. 2011). We take the evidence and the reasonable inferences therefrom in the light most favorable to the municipality and disregard all contrary evidence and inferences. <u>St. Louis Cnty. v. Afshari</u>, 938 S.W.2d 303, 304 (Mo. App. E.D. 1997).

<u>Discussion</u>

**I.     The trial court did not err in overruling Heiman's motion to dismiss.**

In his first point on appeal, Heiman contends that the municipal court erred in overruling his motion to dismiss because the charging documents were facially insufficient. Specifically, Heiman claims that the charging documents did not inform him which sections of the Code he was charged with violating, and instead merely stated that he violated Chapter 1110, the entire Code. Heiman argues that St. Louis County's failure to cite specific section numbers of the Code is fatal to the charging documents and should have warranted a dismissal of the charges. We disagree.

Pursuant to Rule 37.34, all municipal ordinance violations must be prosecuted by information. Rule 37.34.[5] Rule 37.35 sets forth the requirements for a sufficient charging information. To be sufficient, an information must be in writing, signed by the prosecutor, and filed in the court with jurisdiction over the ordinance violation. Rule 37.35(a). Additionally, the information must: (1) state the name of the defendant; (2) state plainly, concisely, and definitely the essential facts constituting the ordinance violation charged; (3) identify the time and place of the ordinance violation charged; (4) cite the chapter and section of the ordinance alleged to have

---

[5] All rule references are to Mo. R. Civ. P. (2013).

4

been violated and the chapter and section providing the penalty or punishment; and (5) state the name of the prosecuting county or municipality. Rule 37.35(b). Although the language of Rule 37.35 is mandatory, Rule 37.41 further instructs that "[a]n information shall not be invalid, nor shall the trial, judgment, or other proceedings on the information be stayed, because of any defect that does not prejudice the substantial rights of the defendant." Rule 37.41. Missouri courts also have held that an information for a municipal ordinance violation does not require the same strictness as an information in a criminal prosecution. City of Joplin v. Klein, 345 S.W.3d 351, 355 (Mo. App. S.D. 2011).

We recognize that Rule 37.35 requires that charging documents include a citation to the chapter and section of the ordinance alleged to have been violated. Regrettably, St. Louis County did not meet this mandatory requirement. While we do not condone St. Louis County's error in failing to cite the relevant Code sections in the charging documents, this defect did not prejudice Heiman's substantial rights. We note that the charging documents served on Heiman provided a clear description of the Code violation such as "graffiti not removed" and "missing trim at roofline" and also included a photograph that precisely depicted each violation. We are not persuaded that Heiman was unable to understand from the charging documents the nature of the charges brought against him. Not only did the charging documents describe the alleged violation, but also, they included pictures of the violations, and a picture is worth a thousand words. Based upon the record before us, we find that Heiman knew the violations with which he was charged and what he needed to do to defend against the alleged violations. Accordingly, we hold Heiman was not prejudiced by any defects in the charging documents. See City of Hurdland v. Morrow, 861 S.W.2d 585, 587 (Mo. App. 1993) (defect in information did not

5

constitute reversible error where appellant did not show how specifically he was prejudiced, i.e., what information was missing that prevented him from preparing an adequate defense).

Because Heiman was not prejudiced by St. Louis County's failure to include the section number of each Code violation in the charging documents, the municipal court did not err in overruling his motion to dismiss. Point one is denied.

## II. The judgment is not against the weight of the evidence.

In his second point on appeal, Heiman argues that the judgment of the municipal court is against the weight of the evidence because St. Louis County failed to prove Heiman was the owner of the Elta Rose Apartment Complex. We disagree.

Section 202 of the Code defines "owner" as "[a]ny person, agent, operator, firm or corporation having a legal or equitable interest in the property; or recorded in the official records of the state, county or municipality as holding title to the property; *or otherwise having control of the property*, including the guardian of the estate of any such person, and the executor or administrator of the estate of such person if ordered to take possession or real property by a court." (emphasis added). St. Louis County does not contend that Heiman holds title to the property. Instead, St. Louis County presented evidence at trial that Heiman maintained control over the subject property, and therefore was an "owner" of the property as defined in section 202 of the Code. Casimere testified that he had approximately ten telephone conservations with Heiman about the property and the repairs needed. Casimere testified that Heiman said he would hire a crew to make necessary repairs, and at one point Heiman presented Casimere with a work scope detailing when Heiman planned on completing the repairs. Additionally, Casimere testified that Heiman never referred Casimere to a different party to discuss Code violations on the property, nor did he ever indicate that anyone other than he would be needed to approve

6

repairs at the property. Taking this evidence and the reasonable inferences therefrom in the light most favorable to St. Louis County, we hold that the judgment of the municipal court is not against the weight of the evidence. Point two is denied.

## Conclusion

Finding no error, we affirm the judgment of the municipal court.

_Kurt S. Odenwald_
Kurt S. Odenwald, Judge

Mary K. Hoff, P.J., Concurs
Angela T. Quigless J., Concurs

7