

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| CITY OF BELLEFONTAINE NEIGHBORS, | ) | No. ED107710 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Robert M. Heggie |
| JAMES CARROLL, | ) | |
| | ) | |
| Appellant. | ) | Filed: January 14, 2020 |

### Introduction

James Carroll ("Appellant") appeals from the trial court's judgment finding he violated section 302.4.3[1] of the City of Bellefontaine Neighbors' ("City") Property Maintenance Code by allowing bare dirt in his rear yard and section 29-29(b)(5)[2] of the Zoning Ordinance by having chickens and poultry on his property closer than 150 feet from his lot line. The trial court imposed a fine of $250.

Appellant brings five points on appeal. In his first point on appeal, Appellant argues the trial court erred in finding him guilty of violating section 302.4.3 of the Property Maintenance Code and section 29-29(b)(5) of the Zoning Ordinance because the information and violation notices were facially insufficient so Appellant "c[ould not] understand how he [wa]s violating

---

[1] All references to section 302.4.3 are to the CITY OF BELLEFONTAINE NEIGHBORS PROPERTY MAINTENANCE CODE § 302.4.3 (2012).

[2] All references to section 29-29(b)(5) are to the CITY OF BELLEFONTAINE NEIGHBORS ZONING ORDINANCE § 29-29(b)(5) (1992).

the ordinances in order to prepare a defense." Appellant's remaining arguments assert the trial court erred in finding him guilty of violating section 29-29(b)(5) of the Zoning Ordinance. In his second point on appeal, Appellant argues the information charged him with violating the incorrect Zoning Ordinance. In his third point on appeal, Appellant argues the Building Inspector had no authority under section 29-118(a)[3] of the Zoning Ordinance to enforce violations. In his fourth point on appeal, Appellant argues section 89.020.1[4] of the Zoning Enabling Act does not give the City "the police power to regulate enclosures or shelters" and the City acted outside the scope of its authority by enacting section 29-29(b)(5). Finally, Appellant argues section 29-29(b)(5) is "not in harmony" with Chapter 4 of the City's ordinances and "no reasonable person would consult the Zoning [Ordinance] when purchasing animals (e.g., chickens)." Each of Appellant's five points on appeal are denied. The trial court's judgment finding Appellant guilty of violating section 29-29(b)(5) of the Zoning Ordinance is affirmed. However, the trial court's judgment finding Appellant guilty of violating section 302.4.3 of the Property Maintenance Code after the City abandoned that charge at trial is reversed, and we amend the trial court's judgment accordingly.

**Factual and Procedural Background**

Appellant resides in the City on Ashbrook Drive. Appellant's residence is in the R-3 zoning district, and the dimensions of his lot are 85 x 104 feet. In early 2018, Appellant allegedly allowed chicken and poultry to roam free on his fenced-in rear yard, which was not cultivated in grass. Section 29-29(b)(5) of the Zoning Ordinance provides "any structure, enclosure or shelter for poultry or livestock shall be located at least one hundred fifty (150) feet

---

[3] All references to section 29-118(a) are to the CITY OF BELLEFONTAINE NEIGHBORS ZONING ORDINANCE § 29-118(a) (2010).
[4] All references to section 89.020.1 are to § 89.020.1 RSMo (2014).

2

from all lot lines." Section 302.4.3 of the Property Maintenance Code provides "[a]ll bare ground areas of residential lots with dwellings shall be cultivated with grass lawns."

On May 22, 2018, Appellant received a violation notice from the City's Building Inspector, stating that, "by allowing chickens/poultry to be on [his] property, [he was] not in compliance with the City of Bellefontaine Neighbors' Ordinance 29-29(b)(5)." The violation notice stated the dimensions of his residence "would not allow [him] to comply with [section 29-29(b)(5)'s] requirement." The violation notice also requested Appellant "provide a grass lawn at the rear yard," as "[g]round cover is required at all bare ground areas." The violation notice requested he correct his violations by June 5, 2018. Appellant made no corrections.

On June 7, 2018, Appellant received a second violation notice from the City's Building Inspector, again stating he did not comply with section 29-29(b)(5) of the Zoning Ordinance and requesting he provide a grass lawn at the rear yard. The violation notice requested he correct his violations by June 21, 2018, and provided, if no corrections were made, he would be issued a court summons. Appellant made no corrections. On July 14, 2018, the City charged Appellant by information, alleging Appellant violated section 302.4.3 of the Property Maintenance Code by allowing bare dirt in his rear yard and section 29-29 of the Zoning Ordinance by having chickens and poultry on his property closer than 150 feet from his lot line.

On August 8, 2018, Appellant appeared for a hearing at the City's municipal court. At the hearing, Appellant requested the case be heard in the Twenty-First Circuit Court. On August 28, 2018, Appellant's case was certified to the Twenty-First Circuit Court. On September 17, 2018, Appellant moved to dismiss the information. He argued dismissal was proper because the information and violation notices were facially insufficient. On September 21, 2018, Appellant

again moved to dismiss the information, arguing dismissal was proper because the information charged him with violating the incorrect Zoning Ordinance. A bench trial was held on November 20, 2018. The City appeared by the City Prosecuting Attorney. Appellant waived his right to counsel and represented himself. The trial court heard arguments on Appellant's motions to dismiss and took the motions with the case. The City presented testimony from the Building Inspector and Appellant's neighbor. Appellant testified in his own defense. The City abandoned its charge alleging Appellant violated section 302.4.3 of the Property Maintenance Code at trial.

On January 22, 2019, the trial court entered its order and judgment, denying Appellant's motions to dismiss and finding Appellant guilty, beyond a reasonable doubt, of violating section 302.4.3 of the Property Maintenance Code by allowing bare dirt in his rear yard and section 29-29 of the Zoning Ordinance by having chickens and poultry on his property closer than 150 feet from his lot line. On March 8, 2019, Appellant was sentenced and fined $250.

Appellant now appeals.

### Rule 84.04

Appellant's brief violates Rule 84.04(e)[5] because it fails to set forth the standard of review. Rule 84.04(e) requires the appellant's argument to "include a concise statement of the applicable standard of review for each claim of error." Rule 84.04(e). "*Pro se* appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules of Rule 84.04." *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo. App. E.D. 2010) (footnote omitted). Noncompliance with Rule 84.04(e) justifies dismissal, as "it is not our duty to supplement the deficient brief with our own research." *Anglin Family Invs. v. Hobbs*, 375 S.W.3d 244, 250 (Mo. App. S.D. 2012) (internal quotation and citation omitted). However, our

---

[5] All rule references are to the Missouri Supreme Court Rules (2018) unless otherwise indicated.

preference is to reach the merits of every appeal, "provided we can ascertain the gist of an appellant's arguments, notwithstanding minor shortcomings in briefing." *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018) (citing *Comp & Soft, Inc. v. AT&T Corp.*, 252 S.W.3d 189, 193-94 (Mo. App. E.D. 2008)). Because Appellant's omission of the standard of review governing his claim "does not impede review or require us to act as [his] advocate," we will address his claims *ex gratia*. *Hobbs*, 375 S.W.3d at 252.

## Standard of Review

"In Missouri, violations of municipal ordinances are civil matters but, because of the quasi-criminal nature of an ordinance, are subject to the criminal standard of proof beyond a reasonable doubt." *City of Dexter v. McClain*, 345 S.W.3d 883, 885 (Mo. App. S.D. 2011) (citing *City of Strafford v. Croxdale*, 272 S.W.3d 401, 404 (Mo. App. S.D. 2008)). "We review the trial court's decision in a court-tried, civil matter (including violations of municipal ordinances) under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Id.* (footnote omitted). "Under the *Murphy* standard, we must affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* (citing *Murphy*, 536 S.W.2d at 32). "When reviewing a court-tried case, we view all evidence and inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences." *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo. App. S.D. 2010) (internal quotation and citation omitted). We review the trial court's interpretation of a city ordinance *de novo*. *City of Creve Coeur v. Nottebrok*, 356 S.W.3d 252, 257 (Mo. App. E.D. 2011), overruled on other grounds by *Edwards v. City of Ellisville*, 426 S.W.3d 644 (Mo. App. E.D. 2013).

**Discussion**

Mistake in the Trial Court's Judgment

The trial court's order and judgment found Appellant guilty of violating section 302.4.3 of the Property Maintenance Code by allowing bare dirt in his rear yard despite the City's abandonment of that charge during trial. Although not raised by Appellant in his brief, this finding in the trial court's order and judgment is error. Rule 84.14 allows us to "give such judgment as the court ought to give" and finally dispose of the case. Rule 84.14; *Mitalovich v. Toomey*, 206 S.W.3d 361, 365 (Mo. App. E.D. 2006). "[W]e can enter judgment that should have been entered by the trial court instead of remanding the cause for correction . . . . where the evidence in the record before us assures us that the conclusion reached is reasonable, fair, and accurate" and where the circumstances indicate there is no need for further proceedings in the trial court. *Mitalovich*, 206 S.W.3d at 365 (citing *Malawey v. Malawey*, 137 S.W.3d 518, 525 (Mo. App. E.D. 2004); *Taylor v. State Farm Mut. Auto. Ins. Co.*, 368 S.W.3d 174, 182 (Mo. App. W.D. 2012).

Here, the record evidences the judgment actually rendered differs from the judgment entered. At the conclusion of the City's closing argument, the trial court asked the City: "Is the – the first charge here, it looks like a violation regarding bare ground in residential lots. Is the City abandoning that[?]" The City responded, "Yes it is." The trial court's sentencing memorandum imposed a $250 fine on Appellant as to "Count I" and did not mention any second count. At oral argument, Appellant conceded the $250 fine was imposed for his violation of section 29-29(b)(5) of the Zoning Ordinance. To the extent the judgment improperly finds Appellant guilty of violating section 302.4.3 of the Property Maintenance Code, we reverse and amend the judgment of the trial court. To the extent Appellant's first point relied on asserts the trial court erred in

6

finding him guilty of violating section 302.4.3 of the Property Maintenance Code, we do not address his claim.

Point I

In his first point on appeal, Appellant argues the trial court erred in finding him guilty of violating section 29-29(b)(5) of the Zoning Ordinance because the information and supporting violation notices were facially insufficient so Appellant "c[ould not] understand how he [wa]s violating the ordinances in order to prepare a defense." Specifically, Appellant argues the information did not conform to Rule 37.34 and Rule 37.35(b) because it:

1) did not state the essential facts constituting the ordinance violation charged;

2) did not state the date and place of the ordinance violation charged definitively;

3) did not cite the chapter and section of the ordinance alleged to have been violated and the chapter and section providing the penalty or punishment; and

4) was not "supported by a violation notice as prescribed by Rule 37.33," as the violation notices he received were deficient.

*See* Rule 37.34; Rule 37.35(b). Appellant claims the violation notices did not conform to Rule 37.33(a) because they:

1) did not state the date and place of the ordinance violation definitely;

2) did not state the facts that support a finding of probable cause to believe the ordinance violation was committed and that he committed it;

3) did not state the facts contained in the violation notices were true;

4) did not cite the chapter and section of the ordinance alleged to have been violated and the chapter and section that fixes the penalty or punishment;

5) did not state other legal penalties prescribed by law may be imposed for failure to appear and dispose of the violation; and

6) were not signed on a form bearing notice that false statements made therein are punishable by law.

*See* Rule 37.33(a). Appellant contends, because of these insufficiencies, he "[c]ould not understand how he [wa]s violating the ordinances in order to prepare a defense." He argues these insufficiencies should have precluded the trial court from finding him guilty of the charge. We disagree.

Rule 37.34 requires all municipal ordinance violations be prosecuted by information and the information must be supported by a violation notice or statement of probable cause. Rule 37.34. Rule 37.35 sets forth the requirements for a sufficient charging information. To be sufficient, an information must be "in writing, signed by the prosecutor and filed in the court having jurisdiction of the ordinance violation." Rule 37.35(a). In addition, the information must:

1) state the name of the defendant;

2) state plainly, concisely, and definitely the essential facts constituting the ordinance violation charged;

3) state the date and place of the ordinance violation charged as definitively as can be done;

4) cite the chapter and section of the ordinance alleged to have been violated and the chapter and section providing the penalty or punishment; and

5) cite the state approved charge code if one exists.

Rule 37.35(b). Although the requirements in Rule 37.34 and 37.35 are mandatory, "[a]n information shall not be invalid, nor shall the trial, judgment, or other proceedings on the information be stayed, because of any defect that does not prejudice the substantial rights of the defendant." Rule 37.41.

The information contains most of the required contents Appellant alleges it lacks. The information states plainly, concisely, and definitely the essential facts constituting the Zoning

8

Ordinance violation charged. The information states Appellant has "Chickens and Poultry on [his] property," despite section 29-29(b)(5)'s requirement that enclosures or shelters for poultry must be at least 150 feet from all property lines. The information states the date and place of the ordinance violation definitively. The information provides the ordinance violation occurred "on or about 7-10-18 within the corporate limits of the City." Appellant argues the City "is 4.409 square miles, [therefore,] the location of the allege[d] zoning ordinance is not definitely described." But the information includes Appellant's address on Ashbrook Drive and refers to the violations as occurring on "[Appellant's] property." This description is sufficient. The information also cites the chapter and section of the alleged violation. It states Appellant violated "Section 29-29 R-1 single family dwelling district regulations."

Likewise, Appellant's violation notices contain most of the required contents Appellant alleges they lack. The violation notices state are dated (May 22, 2018, and June 7, 2018) and identify the location of the alleged violation as "on [Appellant's] property," listing his address on Ashbrook Drive. The violation notices state facts that support a finding of probable cause to believe he violated section 29-29(b)(5) of the Zoning Ordinance. The violation notices inform Appellant he has "Chickens and Poultry on [his] property," despite section 29-29(b)(5)'s requirement that enclosures or shelters for poultry must be at least 150 feet from all property lines. The violation notices cite the chapter and section of the alleged violation. They state Appellant violated "City of Bellefontaine Neighbors' Ordinance 29-29(b)(5)." The violation notices state what will happen if he fails to dispose of the violation. The May 22, 2018 violation notice requests Appellant correct the violation by June 5, 2018, and the June 7, 2018 violation notice requests Appellant correct the violation by June 21, 2018, or a court summons will be issued.

9

We agree the information and violation notices should have stated the chapter and section providing the penalty or punishment for his violation. Rule 37.35(b)(4); Rule 37.33(a)(9). We also agree the violation notices should have stated the facts in the violation notices were true and been signed on a form bearing notice that false statements made therein are punishable by law. Rule 37.33(a)(7)-(8). However, we do not find these omissions to be reversible error because we cannot discern Appellant suffered any prejudice. *See* Rule 37.41.

The information and violation notices were clear enough to lead Appellant to find the chapter and section providing the penalty or punishment for violating section 29-29(b)(5) of the Zoning Ordinance, as *Appellant* introduced section 29-118, which is the chapter and section that provides the penalty and punishment for violating the Zoning Ordinance, into evidence at his trial. We are not persuaded Appellant could not understand from the information and violation notices the nature of the charge against him so he could not prepare a defense. Therefore, we find Appellant suffered no prejudice by any defects in the information or the violation notices. *St. Louis County v. Heiman*, 441 S.W.3d 160, 163 (Mo. App. E.D. 2014); *City of Hurdland v. Morrow*, 861 S.W.2d 585, 587 (Mo. App. W.D. 1993).

Point I is denied.

### Point II

In his second point on appeal, Appellant argues the trial court erred in finding him guilty of violating section 29-29(b)(5) of the Zoning Ordinance because the information charged him with violating the incorrect Zoning Ordinance. He argues he should have been charged with violating section 29-40(b)(1),[6] which applies to property in the R-3 zoning district, rather than section 29-29(b)(5), which applies to property in the R-1 zoning district. He argues the trial

---

[6] All references to section 29-40(b)(1) are to the CITY OF BELLEFONTAINE NEIGHBORS ZONING ORDINANCE § 29-40(b)(1) (1960).

10

court erred by finding him guilty of section 29-29(b)(5) because section 29-29(b)(5) could not apply to him. We disagree.

An information is sufficient if it "it contains all essential elements of the offense and clearly apprises the defendant of the facts constituting the offense." *Smith v. Rosa*, 73 S.W.3d 862, 866 (Mo. App. W.D. 2002) (internal quotation and citation omitted). However, an "information for a municipal ordinance violation does not require the same strictness as an information in a criminal prosecution." *Heiman*, 441 S.W.3d at 163 (citing *City of Joplin v. Klein*, 345 S.W.3d 351, 355 (Mo. App. S.D. 2011)). "An . . . information is not necessarily insufficient for citing an incorrect statute" or ordinance. *State v. Cusumano*, 819 S.W.2d 59, 61 (Mo. App. E.D. 1991) (citing *State v. Parker*, 792 S.W.2d 43, 44 (Mo. App. E.D. 1990)).

It cannot reasonably be said that Appellant did not know the nature of the charge against him because the test of sufficiency was met. Although Appellant's property is in an R-3 zoning district, section 29-40(b)(1) of the Zoning Ordinance states the permitted uses for all property in an R-3 zoning district include "[a]ny use permitted in the R-1 single-family dwelling district." Had the City charged Appellant with violating section 29-40(b)(1), he would have had to cross-reference section 29-29(b)(5) to discern what permitted use he allegedly violated. We find no evidence the defect misled, confused, or inhibited Appellant in presenting his defense. The information set forth the elements of the offense and adequately apprised Appellant of the charge against him.

Point II is denied.

### Point III

In his third point on appeal, Appellant argues the trial court erred in finding him guilty of violating section 29-29(b)(5) of the Zoning Ordinance because the Building Inspector had no

11

authority under section 29-118(a) of the Zoning Ordinance to enforce violations. Instead, Appellant argues section 29-118(a) provides "[i]t shall be the duty of the [C]ity [E]ngineer, with the aid of the City Marshal, to enforce [the Zoning Ordinance] in accordance with the administrative provisions of the building code and of . . . [C]hapter [29]." Appellant argues that, because the Building Inspector was without authority to send the violation notices supporting the information charging him with violating section 29-29(b)(5) of the Zoning Ordinance, the trial court erred in finding him guilty of violating section 29-29(b)(5) of the Zoning Ordinance. We disagree.

Appellant's argument asks us to read section 29-118(a) literally. However, Appellant's argument ignores that section 29-118(a) allows the City Engineer to enforce the Zoning Ordinance "in accordance with the administrative provisions of the building code." Chapter 5 of the City's ordinances (the "Building Code") describes the regulation of buildings. Section 5-3[7] of the Building Code establishes the position of the Building Inspector. In establishing the position of Building Inspector, section 5-3 cross-references section 2-131 et seq.,[8] which establishes the office of the City Engineer. It is clear from the Building Code the Building Inspector position was created to assist the City Engineer in carrying out his or her duties. Therefore, the Building Inspector had authority under section 29-118 of the Zoning Ordinance to enforce violations.

Point III is denied.

### Point IV

In his fourth point on appeal, Appellant argues the trial court erred in finding him guilty of violating section 29-29(b)(5) of the Zoning Ordinance because section 89.020.1 of the Zoning

---

[7] All references to section 5-3 are to the CITY OF BELLEFONTAINE NEIGHBORS BUILDING ORDINANCE § 5-3 (1984).
[8] All references to section 2-131 et seq. are to the CITY OF BELLEFONTAINE NEIGHBORS ADMINISTRATIVE ORDINANCE § 2-131 et seq. (1964).

Enabling Act does not give the City "the police power to regulate enclosures or shelters." According to Appellant, because section 89.020.1 does not specifically grant the City authority to regulate "enclosures" or "shelters," the City acted outside the scope of its authority by enacting section 29-29(b)(5) and, by extension, section 29-40(b)(1). Therefore, in Appellant's view, the trial court erred in finding him guilty of violating an invalid ordinance. We disagree.

"The powers of municipal bodies to regulate land use are derived from the state police power as that power is delegated through enactment of statutes." *McCarty v. City of Kan. City*, 671 S.W.2d 790, 793 (Mo. App. W.D. 1984) (citing *State ex rel. Ellis v. Liddle*, 520 S.W.2d 644, 646 (Mo. App. 1975)). As such, "[m]unicipal zoning ordinances must conform to the terms of the delegation from the state." *State ex rel. Klawuhn v. Bd. of Zoning Adjustment of City of St. Joseph, Mo.*, 952 S.W.2d 725, 728 (Mo. App. W.D. 1997) (citing *McCarty*, 671 S.W.2d at 793). "Missouri's Zoning Enabling Act, sections 89.010 through 89.140, is the sole source of power and measure of authority for a city, town, or village in zoning matters." *Moore v. City of Parkville*, 156 S.W.3d 384, 387 (Mo. App. W.D. 2005) (citing *City of Louisiana v. Branham*, 969 S.W.2d 332, 336 (Mo. App. E.D. 1998)). We presume zoning ordinances are valid and the burden is on the party challenging the ordinance to establish the ordinance is unreasonable. *Rhein v. City of Frontenac*, 809 S.W.2d 107, 110 (Mo. App. E.D .1991) (internal citations omitted).

Section 89.020.1 of the Zoning Enabling Act provides:

For the purpose of promoting health, safety, morals or the general welfare of the community, the legislative body of all cities, towns, and villages is hereby empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, the preservation of features of historical significance, and the location and use of buildings, structures and land for trade, industry, residence or other purposes.

§ 89.020.1.

We find the City legitimately exercised its police power and did not act outside the scope of its authority in enacting section 29-29(b)(5) and, by extension, section 29-40(b)(1). Section 29-29(b)(5) regulates the use of structures and land for residential purposes. Section 29-29(b)(5) specifically provides farms are a permitted use of land, "provided that any *structure*, enclosure or shelter for poultry or livestock shall be located at least one hundred fifty (150) feet from all lot lines." (emphasis added). "Enclosures" and "shelters," including fences, are structures.[9] Therefore, the City conformed to the terms of the delegation from section 89.020.1 in enacting section 29-29(b)(5) and, by extension, section 29-40(b)(1). Appellant has failed to prove otherwise.

Point IV is denied.

Point V

In his fifth point on appeal, Appellant argues the trial court erred in finding him guilty of violating section 29-29(b)(5) of the Zoning Ordinance because section 29-29(b)(5), and section 29-40(b)(1) by extension, is "not in harmony" with Chapter 4 of the City's ordinances, which describes the regulation of animals and fowl. He argues Chapter 4 does not prohibit a person from keeping chickens and poultry on his or her property while Chapter 29 does. He further argues "no reasonable person would consult the Zoning Code when purchasing animals (e.g., chickens)." We disagree.

Appellant's argument that "no reasonable person would consult the Zoning Code when purchasing animals (e.g., chickens)" is irrelevant. "[E]very inhabitant of a town is presumed to know its ordinances." *State v. Furne*, 642 S.W.2d 614, 616 n.3 (Mo. banc 1982) (internal

---

[9] Merriam-Webster's Online Dictionary defines "structure" as "something . . . that is constructed" and "something arranged in a definite pattern of organization." *Structure*, Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/structure#examples (last visited 1/08/2020).

quotations omitted). *See also Shirley v. Kan. City Southern Ry. Co.*, 298 S.W. 125, 130 (Mo. App. 1927) (internal quotations and citations omitted) ("Inhabitants of a city are presumed to know the ordinances of that city."). "[I]gnorance of the law . . . is no excuse for violating the law." *State v. Graham*, 549 S.W.3d 533, 537 (Mo. App. W.D. 2018) (citing *Reeder v. Bd. of Police Comm'rs of Kan. City, Mo.*, 800 S.W.2d 5, 6 (Mo. App. W.D. 1990)). Further, sections 29-29(b)(5) and 29-40(b)(1) are not inharmonious with Chapter 4 of the City's ordinances. Neither Chapter 4 nor Chapter 29 of the City's ordinances prohibit a person from keeping chickens and poultry on his or her property. Chapter 29 simply restricts how chickens and poultry may be enclosed on a person's property (i.e., no closer than 150 feet from all lot lines). Contrary to Appellant's argument, Chapter 29 of the City's ordinances complements, rather than contradicts, Chapter 4 of the City's ordinances. The trial court correctly interpreted the City's ordinances in this regard.

Point V is denied.

### Conclusion

The trial court's judgment finding Appellant guilty of violating section 29-29(b)(5) of the Zoning Ordinance is affirmed. The trial court's judgment finding Appellant guilty of violating section 302.4.3 of the Property Maintenance Code after the City abandoned that charge at trial is reversed, and we amend the trial court's judgment accordingly.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.

15